In the

# United States Court of Appeals
## For the Seventh Circuit

No. 23-1308

GABRIEL BROWN and IVAN BROWN,

*Plaintiffs-Appellants,*

*v.*

CACH, LLC,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 20 C 4579 — **Robert W. Gettleman**, *Judge*.

ARGUED JANUARY 22, 2024 — DECIDED FEBRUARY 29, 2024

Before EASTERBROOK, ST. EVE, and JACKSON-AKIWUMI,
*Circuit Judges.*

EASTERBROOK, *Circuit Judge*. Bank of America sold to
CACH a consumer debt account that was in arrears. The Bank
declined to make any representations about the accuracy of
the $5,246.21 balance that it had calculated. CACH attempted
to collect the debt without announcing that the Bank had not
verified the balance.

Gabriel Brown (the asserted debtor) and her brother Ivan Brown (who pretended to be Gabriel during one phone call) then sued CACH under 15 U.S.C. §1692e, part of the Fair Debt Collection Practices Act (FDCPA). The Browns did not allege that they had paid a penny to CACH, suffered a lower credit rating, or incurred any other concrete loss. Instead Gabriel filed an affidavit stating that she had "interrupted my self-employment" to "mull over my memories" and "scour my records" about the asserted debt. The case proceeded to summary judgment. But when the judge requested supplemental briefs with details, such as what Gabriel's self-employment entailed and how any interruption led to a loss of income or other tangible detriment, she declined to provide additional information. The judge then dismissed the complaint for lack of standing to sue. 2023 U.S. Dist. LEXIS 29299 (N.D. Ill. Jan. 17, 2023).

Injury is essential to standing, even when a statute entitles the plaintiff to collect damages without quantifying loss. See, e.g., *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2022); *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016); *Baysal v. Midvale Indemnity Co.*, 78 F.4th 976 (7th Cir. 2023).

It is easy to see how debt-collection efforts could reduce a person's self-employment income. Imagine a writer who tries to work from 8 am to noon every day, gets interrupted by a dunning phone call at 8:05, loses her train of thought (and thus a day's work), and cannot finish the manuscript on the original schedule, which reduces or delays her royalties. (A delay in receiving income is a form of loss. See *Dieffenbach v. Barnes & Noble, Inc.*, 887 F.3d 826, 828 (7th Cir. 2018).) But it isn't enough to imagine how injury could occur; a plaintiff challenged to produce evidence of injury at the summary-

judgment stage must do so. See, e.g., *Lujan v. Defenders of Wild-life*, 504 U.S. 555, 561 (1991).

Summary judgment is the "put up or shut up" time in litigation. *Schacht v. Wisconsin Department of Corrections*, 175 F.3d 497, 504 (7th Cir. 1999). Gabriel was asked for details and refused to provide any. We do not know on this record that Gabriel ever has obtained income from her self-employment, let alone how CACH's failure to say that the Bank had not warranted the accuracy of its calculation affected self-employment income.

The Browns assert that decisions such as *Billups v. I.C. System, Inc.*, 2022 U.S. Dist. LEXIS 153002 (N.D. Ill. August 25, 2022), establish that the interruption of self-employment always shows injury in fact. None of these decisions comes from a court of appeals. To the extent the unqualified proposition has support in any judicial decision, it lacks support from the Supreme Court or the Seventh Circuit. To repeat: Interruption of self-employment *could* cause a loss, but whether it *did* cause a loss must be established by evidence. Plaintiffs, who declined an opportunity to produce such evidence, cannot carry on with this litigation.

AFFIRMED