In the

# United States Court of Appeals
## For the Seventh Circuit

———————————

No. 24-1993

VALERIE THOMAS,

*Plaintiff-Appellee,*

*v.*

LVNV FUNDING, LLC, and RESURGENT CAPITAL SERVICES, L.P.,

*Defendants-Appellants.*

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 21 CV 1948 — **Jeffrey I. Cummings**, *Judge.*

———————————

ARGUED FEBRUARY 4, 2025 — DECIDED MARCH 21, 2025

———————————

Before SYKES, *Chief Judge*, and EASTERBROOK and PRYOR, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* After receiving a notice that she owed $187, Valerie Thomas disputed the accuracy of the claim. Resurgent (as we call the two defendants jointly) notified TransUnion, a credit-reporting agency, about the debt the day before opening the letter from Thomas. It did not report the dispute until 29 days later, on its next regular reporting date. Thomas contends in this suit under the Fair Debt

Collection Practices Act, 15 U.S.C. §§ 1692 to 1692p, that the delay entitles her to statutory damages under §1692k(a)(2)(A), which authorizes "additional damages" up to $1,000 on top of "actual damage" under §1692k(a)(1). A jury awarded her $250.

The jury returned its verdict on December 13, 2023, and the clerk of court should have entered judgment "promptly". Fed. R. Civ. P. 58(b)(1)(A). Yet although the clerk made an entry on the docket, a judgment was not entered until June 11, 2024, a delay that the district judge has attributed to inadvertence. Resurgent had filed a notice of appeal four days earlier, and it took effect, per Fed. R. App. P. 4(a)(2), on June 11.

The district court's delay put Resurgent in peril of not being able to appeal, for Fed. R. App. P. 4(a)(7)(A) provides that, if a Rule 58 judgment is required but omitted, then the judgment is deemed to have been entered 150 days after the docket entry. That clause deems this judgment to have been entered on May 11, 2024, and the 30 days allowed for appeal under Rule 4(a)(1)(A) then began to run. Resurgent seems to have been unaware of Rule 4(a)(7)(A) and filed a timely appeal only by good fortune; had it waited for the entry of the Rule 58 judgment on June 11, the time would have expired. (June 11 was Day 181 from the jury's verdict.) District courts need to comply punctually with Rule 58 to avoid jeopardizing litigants' appellate rights. This is more than a matter of tidy bookkeeping; it can be the difference between winning and losing the case, as this appeal shows.

Resurgent does not contest the district court's conclusion, 642 F. Supp. 3d 728 (N.D. Ill. 2022), that the statute required it to notify TransUnion earlier. Its sole appellate argument is

that the delay did not injure Thomas, who therefore lacks standing to sue.

Following the Supreme Court's decisions in *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), and *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), this court has held that the availability of statutory damages does not suffice for standing. See, e.g., *Brown v. CACH, LLC*, 94 F.4th 665 (7th Cir. 2024); *Baysal v. Midvale Indemnity Co.*, 78 F.4th 976 (7th Cir. 2023); *Pierre v. Midland Credit Management, Inc.*, 29 F.4th 934 (7th Cir. 2022); *Casillas v. Madison Avenue Associates, Inc.*, 926 F.3d 329 (7th Cir. 2019) (Barrett, J.). Only a plaintiff who suffers injury may sue. That injury need not be financial; it could be reputational, by analogy to the common law of defamation. But there must be some injury.

District Judge Bucklo, who handled this case before it was transferred to District Judge Cummings for trial, held that Thomas was injured as a matter of law. She based this ruling on *Ewing v. Med-1 Solutions, LLC*, 24 F.4th 1146 (7th Cir. 2022), which treated the absence of a dispute notice as a form of defamation. After all, someone who does not pay a disputed claim looks less like a deadbeat than someone who fails to pay a debt that is conceded to be due. Persons who looked up Ewing's credit history during the two years before the dispute was reported would have understood the defamatory implication. *Ewing* added that the plaintiff's credit score rose when the dispute was at last reported, so there may have been a financial injury too.

*Ewing* does not stand, however, for the proposition that *every* delay in reporting a dispute, however short, causes actual injury. What if no one checks the credit record during the delay? Then there is no defamation, for defamation requires

publication. What if the record shows that the plaintiff was not in the market for credit during the period of delay? What if it shows that the eventual notice of the dispute did not affect the person's credit score? We held in *Freeman v. Ocwen Loan Servicing, LLC*, 113 F.4th 701, 709 (7th Cir. 2024), that questions such as these need answers, and that *Ewing* must not be taken as a holding that injury is conclusively established. *Freeman* added that robotic access to information does not show defamation; data in a computer's memory do not harm anyone's reputation unless a person understands the significance of the information or omission. 113 F.4th at 709–10. See also *TransUnion*, 594 U.S. at 434 n.6. In *Wood v. Security Credit Services, LLC*, 126 F.4th 1303, 1309–10 (7th Cir. 2025), the court reviewed the record to see on which side of the line between *Ewing* and *Freeman* one particular claim fell; this reinforces the point that *Ewing* does not create a categorical rule.

Thomas asserted early in her suit that she suffered multiple injuries, including higher costs for insurance. But allegations must be backed up by proof once a case gets past the pleading stage. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). So what does the record show about Thomas's injury, if any? The answer: nothing. Thomas did not support her allegations with evidence before trial. At trial, she did not even *attempt* to show injury. Had she attempted, but been disbelieved by the jury, that might have sufficed. See *Bell v. Hood*, 327 U.S. 678 (1946). But she did not try to prove any of her allegations related to injury.

Because the statute allows for an award of all actual damages, plus statutory damages up to $1,000, the lack of effort at trial may seem odd. One reason is that Judge Bucklo granted Resurgent's motion in limine for an order precluding Thomas

from introducing any evidence of actual injury. If that order had been based on a judicial view that a request for statutory damages forecloses a request for actual damages, we would be obliged to send this case back for another trial. Similarly if Thomas had asked Judge Cummings to reconsider Judge Bucklo's order and made an offer of proof showing injury. See Fed. R. Evid. 103(a)(2). But Thomas did not make a proffer or otherwise ask Judge Cummings for relief and has not filed a cross-appeal seeking a new trial.

Judge Bucklo granted Resurgent's motion for the same reason that Thomas did not make an offer of proof at trial: she lacks admissible evidence. She did not have evidence showing that a single natural person saw her credit file during the critical 29-day window. No publication means no defamation. Thomas did not try to show that the contents of the file caused a jump in the quoted premium for insurance. She lacked evidence that her credit score rose by so much as a single digit when Resurgent reported the dispute. She did not try to show that any issues she may have encountered in obtaining credit were caused by the lack of a dispute notice, as opposed to undisputed aspects of her credit history. When granting Resurgent's motion, Judge Bucklo observed that Thomas could have conducted a deposition or sent an interrogatory to the insurer asking when (if at all) it checked the credit file and whether the quote for the policy was affected by what it found. But that was not done. Thomas's lawyer told the court that five entities made "soft inquiries" during the 29 days but has not explained how TransUnion responded to the requests or how its responses harmed her.

Thomas had ample time for discovery but did not put that time to use. Perhaps counsel misread *Ewing* and believed that

proof was unnecessary (or that the recovery at trial, even supplemented by an award of attorneys' fees, would be less than the cost of conducting discovery). We need not pin down the reason. Thomas ended up with zero evidence of injury—none actually introduced into the record, none described by an offer of proof. And a litigant who never supplies evidence of injury lacks standing to sue.

The judgment of the district court is reversed, and the case is remanded with instructions to dismiss for lack of a justiciable controversy.